IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEAN OSCAR
    Reg. No. 01796-104

    Petitioner,

v.                                                       Case No. 1:22cv205/AW/ZCB

FCC COLEMAN, USP 2, et al.

    Respondent.
    _____/

## REPORT AND RECOMMENDATION

Petitioner Jean Oscar, a federal inmate proceeding *pro se*, has filed an amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Docs 5, 14). The petition is now before the Court for review.

The Court previously directed Petitioner to file an amended petition because it could discern neither the basis for his claims nor the requested relief on his original petition. (Doc. 3). Both of those things remain unclear, despite Petitioner filing an amended petition. What is clear, however, is that the Court does not have jurisdiction over Petitioner's § 2241 petition.

Except in limited circumstances not applicable here, jurisdiction over a § 2241 petitions lies only in the district of a petitioner's confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442-444 (2004); *Padgett v. Warden, USP Atlanta*, 745 F.

1

App'x 859, 862 (11th Cir. 2018). The *Rumsfeld* Court specifically stated that a petitioner seeking to challenge his present physical custody in the United States "should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld*, 542 U.S. at 447.

Petitioner is currently incarcerated at the Federal Correctional Complex in Coleman, Florida. He names FCC Coleman and "Immigration" as respondents in this action.[1] The undersigned takes judicial notice of the fact that Coleman, Florida is in Sumter County, which is part of the Middle District of Florida. *See also United States v. Pruitt*, 417 F. App'x 903, 904 n. 2 (11th Cir. 2011) (noting that Coleman, Florida is in the Middle District of Florida). Petitioner, therefore, should have filed his § 2241 petition in the U.S. District Court for their Middle District of Florida.

This Court has reviewed the amended petition (Doc. 5) and determined that it clearly fails to state a cognizable claim. It is unclear what Petitioner is challenging and what the factual basis is for his challenge. Therefore, transferring it to the Middle District would be futile and not in the interests of justice. *See Queen v.*

---

[1] Petitioner's reference to "Immigration" has no apparent relevance to the factual allegations of his complaint. On page two of his petition, Petitioner has checked a box indicating that this petition concerns "immigration/removal" and he has circled the word "removal." (Doc. 5 at 2). He also indicates that the petition concerns "dual citizenship." (*Id.*). Nonetheless, neither issue is mentioned elsewhere in the petition.

*Nalley*, 250 F. App'x 895, 896 (10th Cir. 2007) ("In considering a transfer, a court is authorized to take a quick look at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed.") (cleaned up); *see also Watts v. United States*, Case CV421-059, 2022 WL 1721458, at *2 (S.D. Ga. Apr. 28, 2022) (citing cases and refusing to transfer a meritless petition).

Accordingly, it is respectfully **RECOMMENDED** that:

1. The amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 5) be **DISMISSED** without prejudice because it was filed in the wrong jurisdiction.

2. The Clerk of Court be directed to close the file.

At Pensacola, Florida, this 30th day of September 2022.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
U.S. Magistrate Judge

## **NOTICE TO THE PARTIES**

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* **N.D. Fla. Loc. R. 72.2(C); see also 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**